# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUN 23 1994

Michael N. Milby, Clerk

| | | |
|---|---|---|
| SUZANNE PORTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-94-0794 |
| | § | |
| MCKINSEY & COMPANY, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This is a employment discrimination suit filed by Suzanne Porter ("Porter") against McKinsey & Company, Inc. ("McKinsey"). Pending before this court is a motion to transfer venue filed by defendant McKinsey, (Docket Entry No. 5). After careful review of the facts, parties' submissions, and applicable law, this court GRANTS McKinsey's motion for change of venue.

McKinsey seeks to transfer this case to the Northern District of Texas, Dallas division for the following reasons:

(1)    Porter was hired by McKinsey's Dallas office;

(2)    Porter was assigned to the Dallas office at all times relevant to her employment with McKinsey;

(3)    The majority of clients with whom Porter worked are located in Dallas;

940621 939LHR006GZ02

4:94-cv-00794

12    nd    06/23/94

(4)     Porter has only worked with one Houston
        client, and that work was completed over
        five years ago;

(5)     Porter has never resided in Houston;

(6)     Porter's employment was terminated in Dallas;

(7)     Porter resided in Dallas for the majority of
        time that she worked for McKinsey.

Section 1404(a) of the United States Code allows a district court to transfer an action to any other district court where the action might have been brought.  This section states:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  The district court has a wide range of discretion in deciding whether to grant a 1404(a) motion.  *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981); *Pilot Life Ins. Co. v. Boone*, 236 F.2d 457, 462 (5th Cir. 1956).

The party moving to change venue has the burden of proving that venue should be transferred under 1404(a).  *Sanders v. State Street Bank and Trust Co.*, 813 F. Supp. 529, 534 (S.D. Tex. 1993); *Continental Airlines v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395 (S.D. Tex. 1992); *Frazier v. Commercial Credit Equipment Corp.* 755 F. Supp. 163, 165 (S.D. Miss. 1991).

The threshold question in a motion to change venue is whether the case might have been brought in defendants' suggested district.  *Greiner v.*

940621 939LHR006GZ02                                -2-

*American Motor Sales Corp.*, 645 F. Supp. 277, 279 (E.D. Tex. 1986). The parties do not dispute that this action could have been brought in the Northern District of Texas.

Having determined that the Northern District of Texas is an appropriate forum, this court must evaluate the factors used to decide a 1404(a) motion. These factors include:

(1) plaintiffs' choice of forum;

(2) availability and convenience for parties and witnesses;

(3) relative ease of access to sources of proof;

(4) availability of compulsory process for the attendance of unwilling witnesses;

(5) cost of obtaining attendance of willing witnesses;

(6) possibility of viewing the premises;

(7) all other practical problems that make the trial of the case easy, expeditious, and inexpensive; and

(8) "public interest" factors, including relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*See generally Gulf Oil Corp. v. Gilbert*, 67 S. Ct. 839, 843 (1947); *United Sonics, Inc. v. Shock*, 661 F. Supp. 681, 682-83 (W.D. Tex. 1986); *Ellis v. Anderson-*

*Tully Co.*, 1993 WL 62389, *1 (E.D. La. Mar. 2, 1993). Although this list outlines some factors, the court may consider a wide range of circumstances when evaluating the particular facts of a case. *Frazier*, 755 F. Supp. at 166.

Transfer of venue is appropriate in this case. Convenience of witnesses is arguably the most important factor. *Continental Airlines*, 805 F. Supp. at 1396; *Fletcher v. Southern Pacific Transportation Company*, 648 F. Supp. 1400 (E.D. Tex. 1986). "In considering the convenience of the witnesses, the Court must primarily consider the convenience of the *key* witnesses." *Continental Airlines*, 805 F. Supp. at 1396 (emphasis in original); *Sanders*, 813 F. Supp. at 534; *Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401 (N.D. Tex. 1984). Here, Porter's claims arise from the termination of her employment with McKinsey. It is not disputed that during the entire term of Porter's employment, Porter worked in Dallas. Thus, the majority of the evidence as to Porter's job performance and the reasons for Porter's termination will involve Dallas witnesses.

Porter argues that many of McKinsey's partners are based in McKinsey's Houston office, and that McKinsey's Texas office is based in Houston. Porter further argues that all partnership decisions must be reviewed and approved by McKinsey's personnel based in Houston. However, the majority of witnesses identified by the parties, including the non-party witnesses, are located in Dallas. Porter worked in Dallas. Although Houston members of McKinsey

940621 939LHR006GZ02                                      -4-

may have been involved in the decision to terminate Porter, the court concludes that the key witnesses regarding Porter's termination are located in Dallas. The majority of relevant documentary evidence is also in Dallas.

The closer relationship of this litigation to Dallas as well as the lighter docket of the Northern District of Texas further weigh in favor of granting McKinsey's motion. While a plaintiff's choice of forum is entitled to consideration and deference, "where none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration." *Greiner*, 645 F. Supp. at 279.

The motion to transfer venue to the Northern District of Texas, Dallas Division is GRANTED.

SIGNED on June 17, 1994, at Houston, Texas.

Lee H. Rosenthal
United States District Judge